UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ROSHUNDA ABNEY, *et al.*,

        Plaintiff(s),

vs.

UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, *et al.*,

        Defendant(s).

Case No. 2:09-cv-2418-RLH-PAL

**O R D E R**
(Motion for Partial Summary Judgment–#31)

        Before the Court is Plaintiffs' second **Motion for Partial Summary Judgment** (#31, filed April 15, 2010). Defendant University Medical Center's (UMC) Opposition (#34) was filed April 30, 2010. Plaintiffs' Reply (#35) was filed May 10, 2010. A Supplement (#41) to UMC's Opposition is also considered.

        Plaintiff Roshunda Abney and her fiancé, Raffinee Dewberry, arrived at UMC Emergency room on November 30, 2009, in the evening. It is disputed whether they arrived at about 5:30 p.m. or 6:30 p.m. It is also disputed what occurred at the Emergency Room over the next several hours, or precisely how many hours passed while they were there. Ms. Abney complained of abdominal pain, but there is dispute as to whether she denied she was pregnant or claimed that she might be. Unhappy with the treatment received at UMC, at some point Abney and Dewberry left UMC and went to the Valley Hospital where they were also unhappy with the attention given, and they went home. At home, there was a breach delivery of a baby. Paramedics were called and everyone was transported to UMC. The baby did not survive. This suit followed.

1    In this motion against UMC, Plaintiffs attempt to establish, as a matter of law, that
2    Roshunda Abney and Angel Dewberry (the infant) should recover on a disparate screening claim,
3    and that Raffinee Dewberry should recover on a negligent infliction of emotional distress claim, that
4    the damages they should receive are at least the $75,000 statutory cap, and for attorney fees.
5    As there exist material questions of fact, the motion will be denied.

DISCUSSION

## I. Summary Judgment Standard

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the non-moving party, and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view all facts and draw all inferences in the light most favorable to the non-moving party. *Blanck v. Hager*, 360 F. Supp. 2d 1137, 1148 (D. Nev. 2005) (citations omitted).

In response to a properly submitted summary judgment motion, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002). The non-moving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

## II. Material Issues of Fact Exist Which Preclude Summary Judgment

This is the second motion for partial summary judgment filed by Plaintiffs. The Court notes that a third motion for partial summary judgment has been filed against Defendant Valley Health System. This is not a case that can be tried piecemeal, by addressing selective issues

1  of fact and law seriatim against the various Defendants.  Particularly, the factual questions about
2  proximate cause loom large in this case.  These motions ignore those questions altogether, as though
3  they do not exist.

4  Moreover, the Court finds cumbersome and unacceptable Plaintiffs' reference to
5  affidavits of Plaintiffs filed in the previous motion, but not attached to this motion, and the reference
6  to which is confusing and required the Court to go searching through the Court's docket of this case
7  to find the affidavits cited at length in the statement of facts here.  The practice certainly does not
8  preserve judicial efficiency as claimed by Plaintiffs.

9  Plaintiffs attempt to use their version of the events, together with their conclusions
10 about the physical, medical and psychological conditions they claim existed, as the basis for their
11 claims for damages.  Their version of the events at the hospital presents disputed questions of fact.
12 Even were they not, they fail to establish, as a matter of law, Plaintiffs' right to recover under the
13 claims asserted in this motion.  Plaintiffs ignore that the Court must view all facts and draw all
14 inferences in the light most favorable to the non-moving party.

15 There is insufficient evidence to show that mother and daughter were treated
16 differently that others who presented at the Emergency Room that night.  Furthermore, they left of
17 their own accord (as they did also at Valley Hospital).  There remain material questions of fact
18 whether there was a failure to screen, and, who was responsible for the failure to screen.  Further-
19 more, there are material facts questions about whether any failure to screen was the proximate cause
20 of any damages, and, even if so, the amount of the damages attributable to the failure to screen, as
21 opposed to other potential causes.  These are all questions properly put before a jury, who can
22 consider the evidence, determine credibility and weigh the evidence.

23 Plaintiffs attempt to use the conclusions reached by an administrative body that in 1
24 out of 55 instances UMC had violated the screening protocol.  They argue that because the
25 administrative body was required to investigate and make findings, that the findings are not only
26 admissible, but dispositive of the issues here.  Were that true, every police report of an investigation

1 into a crime or an accident would be both admissible and dispositive of guilt or liability. That is not
2 the law.
3       Such documents are not only hearsay, but are based upon hearsay, without any means
4 of verifying whether those who provided the information are doing so based upon actual and
5 personal knowledge, or assumptions from other things they know or have heard. Moreover,
6 Plaintiff's documents do not dispose of the factual issues raised by the autopsy report and the death
7 certificate, or of the expert opinion reports, dealing with causes of either Ms. Abney's distress and
8 health, or the baby's health and death.
9       Plaintiffs have failed to meet their initial burden to show that there is no genuine
10 issue as to any material fact and that they are entitled to judgment as a matter of law.
11       This Court will not deny Defendants' right to have a jury decide the many material
12 facts at issue in this case. Under the circumstances, the Court cannot, as a matter of law, decide the
13 many issues of fact dealing with liability, proximate cause and damages. The Court also notes that
14 attorney fees are not recoverable in federal court unless provided by contract or statute.
15       IT IS THEREFORE ORDERED that Plaintiffs' **Motion for Partial Summary**
16 **Judgment** (#31) against Defendant UMC is denied.
17       Dated: June 30, 2010.

_____
**Roger L. Hunt**
**Chief United States District Judge**